Magni-Flood, Inc. v Vision Light Worx, Inc. (2024 NY Slip Op 51556(U))

[*1]

Magni-Flood, Inc. v Vision Light Worx, Inc.

2024 NY Slip Op 51556(U)

Decided on November 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-249 S C

Magni-Flood, Inc., Respondent, 
against
Vision Light Worx, Inc., Doing Business as Optic Arts and Optic Arts, Inc., Appellants. 

Scheyer & Stern, LLC (Fredrick P. Stern of counsel), for appellant.
Rosenberg, Fortuna & Laitman, LLP (Lee E. Riger of counsel), for respondent.

Appeal from an order of the Suffolk County Court (James F. Matthews, J.), dated September 22, 2023. The order, insofar as appealed from and as limited by the brief, denied the branches of defendants' cross-motion seeking summary judgment on their counterclaims to recover for breach of the implied warranties of merchantability and fitness for a particular purpose, and for loss of business and harm to its business reputation.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action in Supreme Court, Suffolk County, to recover $13,415, the unpaid balance due for various products, including power cords, connecting cables, end caps, power pins, and indoor junction box covers, it sold to defendants in December 2017. Defendants answered and, among other things, interposed counterclaims alleging that they had rejected plaintiff's products as non-conforming, and seeking damages arising from a breach of the implied warranties of merchantability (see UCC 2-314) and fitness for a particular purpose (see UCC 2-315), as the products were not as represented and were rendered valueless to defendants for the purpose of resale to their customers. Defendants also sought damages for loss of business and harm to their business reputation. The case was transferred to the Suffolk County Court pursuant to CPLR 325 (d), where, among other things, plaintiff moved for summary judgment and defendants cross-moved for summary judgment on their counterclaims.
In an affidavit in support of its motion, plaintiff's vice president averred, among other things, that, beginning in or around 2014, defendants had ordered approximately $300,000 of products from plaintiff and that the last sale, in or about December 2017, was ordered through plaintiff's website which contained a disclaimer of the implied warranties; that plaintiff was [*2]unaware of any particular purpose for which defendants purchased the goods; that once plaintiff's products leave its hands and it says UL certified on them, that is all that is required; and that defendants never rejected any products.
In an affidavit in opposition to plaintiff's motion and in support of its cross-motion, one of defendants' principals averred that the material used in some of plaintiff's products was misrepresented which affected their UL certification; that plaintiff was aware of the products' intended use as evidenced by email correspondence with defendants' vice president containing designs and installation instructions; and that the disclaimer of the implied warranties was inapplicable.
The County Court (James F. Matthews, J.), among other things, denied plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment, finding that material issues of fact exist. As limited by their brief, defendants appeal from so much of the order as denied the branches of their cross-motion seeking summary judgment on their counterclaims for breach of the implied warranties of merchantability and fitness for a particular purpose, and for loss of business and harm to their business reputation.
The implied warranty of merchantability is a guarantee by the seller that its goods "are fit for the ordinary purpose for which such goods are used" (UCC 2-314 [2] [c]; see Wojcik v Empire Forklift, Inc., 14 AD3d 63 [2004]). UCC 2-315 provides that "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and . . . the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose" (see Saratoga Spa & Bath v Beeche Sys. Corp., 230 AD2d 326 [1997]). Those branches of defendants' cross-motion seeking summary judgment on their counterclaims for breach of the implied warranties of merchantability and fitness for a particular purpose were properly denied, as questions of fact remain regarding whether the implied warranties were validly disclaimed, and, if not, whether plaintiff had reason to know the particular purpose for which the products were to be used and whether the products were fit for the ordinary purposes for which such goods are used (see UCC 2-314 [2] [c]; 2-315).
Defendants' conclusory contentions that the County Court improperly denied summary judgment on their counterclaims for loss of business and damage to their business reputation are without merit.
Accordingly, the order, insofar as appealed, is affirmed.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2024